ALSTON & BIRD LLP
Dennis J. Connolly (DC-9932)
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone (404) 881-7000
Facsimile (404) 881-7777

*Counsel to Cadence Innovation LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                      :

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **DELPHI CORPORATION,** *et. al.*, | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | Jointly Administered |

---------------------------------------------------------------x

**CADENCE INNOVATION LLC'S MOTION SEEKING
MANDATORY WITHDRAWAL OF THE REFERENCE OF DEBTORS'
MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 502(c)
(A) ESTIMATING AND SETTING MAXIMUM CAP ON CADENCE
INNOVATION LLC'S UNLIQUIDATED CLAIM AND (B) APPROVING
<u>EXPEDITED CLAIMS ESTIMATION PROCEDURES</u>**

      COMES NOW Cadence Innovation LLC ("Cadence"), as successor in interest to Patent Holding Company ("PHC"), and hereby files this Motion Seeking Mandatory Withdrawal of the Reference (the "Section 157 Motion") of Delphi Corporation, et al.'s (the "Debtors") Motion for Order Pursuant to 11 U.S.C. §§ 105(a) and 502(c) (A) Estimating and Setting Maximum Cap on Cadence Innovation LLC's Unliquidated Claim and (B) Approving Expedited Claims Estimation Procedures (the "Estimation Motion") [Docket No. 9297], pursuant to the mandatory withdrawal provision of 28 U.S.C. § 157(d).

In the Estimation Motion and the related Contested Matter in respect of Cadence's claims,[1] the Debtors are seeking to estimate/cap Cadence's claims against the Debtors in the Bankruptcy Court. By this Section 157 Motion, Cadence moves the District Court to withdraw the reference of the Estimation Motion and the Debtors' impermissible attempt to estimate/cap Cadence's claims in the related Contested Matter, under the mandatory withdrawal provision of Section 157(d) of Title 28 of the United States Code (the "U.S. Code"). The Estimation Motion requires a determination of complex legal and factual issues related to the action (the "Action") against Delphi Automotive Systems Corp. ("Delphi") in the District Court for the Eastern District of Michigan, Southern Division (the "Michigan District Court") [Case No. 99-76013], on account of the Debtors' direct and willful infringement of three patents (the "Patents"); including, without limitation, Cadence's claims that the Debtors directly and willfully infringed the Patents in violation of the Patent Act, 35 U.S.C. §§ 100 et. seq. The Estimation Motion also requires consideration of bankruptcy law in that the Debtors are seeking to estimate/cap Cadence's claims purportedly in reliance on Sections 105(a) and 502(c) of the Bankruptcy Code. Section 157(d) of the U.S. Code mandates withdrawal of the reference when a proceeding "requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). In this case, the mixture of bankruptcy law and federal patent law requires mandatory withdrawal of the reference.

WHEREFORE, for the reasons set forth in the Memorandum of Law in Support of the Section 157 Motion, Cadence requests that the District Court:

---

[1] In the Bankruptcy Court's order granting the Estimation Motion, the Bankruptcy Court recognized that to the extent a party objects to the Debtors' estimation of its claim, the resolution of the claim will constitute a separate contested matter as contemplated by Rule 9014 of the Federal Rules of Bankruptcy Procedure. Estimation Order ¶ 8.

- 3 -

(i)     Withdraw the reference of the Estimation Motion to the extent the Debtors seek to estimate the value of Cadence's federal protected patent rights asserted in the Action;

(ii)    Withdraw the reference of the Contested Matter initiated to estimate the value of Cadence's federal protected patent rights asserted in the Action; and

(iii)   Grant Cadence such other and further relief as is just and proper.

Respectfully submitted this 8th day of October 2007.

ALSTON & BIRD LLP

/s/ Dennis J. Connolly
Dennis J. Connolly (DC-9932)
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone (404) 881-7000
Facsimile (404) 881-7777

*Counsel to Cadence Innovation LLC*

ALSTON & BIRD LLP
Dennis J. Connolly (DC-9932)
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone (404) 881-7000
Facsimile (404) 881-7777

*Counsel to Cadence Innovation LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, *et. al.*, | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | Jointly Administered |

------------------------------------------------------------x

**MEMORANDUM IN SUPPORT OF CADENCE INNOVATION**
**LLC'S MOTION SEEKING MANDATORY WITHDRAWAL OF THE**
**REFERENCE OF DEBTORS' MOTION FOR ORDER PURSUANT TO 11 U.S.C.**
**§§ 105(a) AND 502(c) (A) ESTIMATING AND SETTING MAXIMUM CAP ON**
**CADENCE INNOVATION LLC'S UNLIQUIDATED CLAIM AND**
**(B) APPROVING EXPEDITED CLAIMS ESTIMATION PROCEDURES**

COMES NOW Cadence Innovation LLC ("Cadence"), as successor in interest to Patent Holding Company ("PHC"), pursuant to 28 U.S.C. § 157(d), and hereby files this Memorandum in Support of its Motion Seeking Mandatory Withdrawal the Reference (the "Section 157 Motion") of Delphi Corporation, et al.'s (the "Debtors") Motion for Order Pursuant to 11 U.S.C. §§ 105(a) and 502(c) (A) Estimating and Setting Maximum Cap on Cadence Innovation LLC's Unliquidated Claim and (B) Approving Expedited Claims Estimation Procedures (the "Estimation Motion") [Docket No. 9297] and the related Contested Matter[1] in which the Debtors

---

[1] In the Bankruptcy Court's order granting the Estimation Motion, the Bankruptcy Court recognized that to the extent a party objects to the Debtors' estimation of its claim, the resolution of the claim will constitute a separate contested matter as contemplated by Rule 9014 of the Federal Rules of Bankruptcy Procedure. Estimation Order ¶ 8.

LEGAL02/30545775v1

will seek the estimation of Cadence's claims. In support of this Motion, Cadence shows the Court as follows:

## I. PRELIMINARY STATEMENT

1. On December 15, 1999, Cadence's predecessor in interest, PHC, commenced an action (the "Action") against Delphi Automotive Systems Corp. ("Delphi") in the District Court for the Eastern District of Michigan, Southern Division (the "Michigan District Court") [Case No. 99-76013], on account of the Debtors' direct and willful infringement[2] of three patents (the "Patents"). On August 6, 2004, after the District Court specifically bifurcated the patent infringement (i.e., the "liability") phase from the damages and willfulness (i.e., "damages") phase of the action, the District Court issued its Patent construction decision, adopting the Special Masters' recommended claim construction and ruling in favor of Cadence's predecessor on virtually all of the disputed claim terms. Because the parties were unable to mediate their dispute, the Final Pretrial Order was scheduled to be submitted to the District Court on March 28, 2006. Due to the bankruptcy filing, however, and the imposition of Section 362 of Title 11 of the United States Code (the "Bankruptcy Code"), the liability phase and the damages phase of the Action were stayed. The automatic stay under Section 362 of the Bankruptcy Code has since been lifted by the Bankruptcy Court.

2. On September 7, 2007, the Debtors filed their Estimation Motion, the Debtor's second attempt to, *inter alia*, estimate/cap Cadence's claims against the Debtors in the Bankruptcy Court. By this Section 157 Motion, Cadence moves the District Court to withdraw the reference of the Estimation Motion and the Debtors' impermissible attempt to estimate/cap Cadence's claims in the related Contested Matter under the mandatory withdrawal provision of

---

[2] Pursuant to that certain Stipulated Order dated August 15, 2001, in the Michigan District Court, Delphi stipulated that it had been on notice of its infringement since October 1997.

Section 157(d) of Title 28 of the United States Code (the "U.S. Code"). The Estimation Motion requires a determination of complex legal and factual issues related to the Action; including, without limitation, Cadence's claims that the Debtors directly and willfully infringed the Patents in violation of the Patent Act, 35 U.S.C. §§ 100 *et. seq.*. The Estimation Motion also requires consideration of bankruptcy law in that the Debtors are seeking to estimate/cap Cadence's claims purportedly in reliance on Sections 105(a) and 502(c) of the Bankruptcy Code. Section 157(d) of the U.S. Code mandates withdrawal of the reference when a proceeding "requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). In this case, the mixture of bankruptcy law and federal patent law requires mandatory withdrawal of the reference with respect to the Debtors' attempt to estimate/cap Cadence's claims in the Estimation Motion and the related Contested Matter.

## II. BACKGROUND

3. On December 15, 1999, Cadence's predecessor in interest, PHC, commenced the Action against Delphi in the Michigan District Court on account of the Debtors' direct and willful infringement of the Patents. In May 2003, the Michigan District Court bifurcated the patent infringement (i.e., the "liability") phase from the damages and willfulness (i.e., "damages") phase of the Action and directed that the Action first go forward with respect to the paradigm claims of the Patents (the "Paradigm Claims") and Debtors' six paradigm infringing airbag covers.[3] In bifurcating the damages phase of the Action, the Michigan District Court specifically recognized that it was necessary to determine liability – in the liability phase – prior to ascertaining damages.

---

[3] In designating the paradigm claims, Cadence (by its predecessor in interest) expressly reserved its right to assert infringement and/or additional claims with respect to Debtors' infringement of additional patents.

- 3 -

4. Between April and December 2003, the Debtors and PHC briefed and argued their proposed definitions of the Paradigm Claim terms that the Debtors disputed. The first hearing on the Paradigm Claim construction, commonly known as a "Markman" hearing, was held on June 30, 2003. On December 5, 2003, the Michigan District Court ruled in PHC's favor by selecting PHC's proposed Paradigm Claim definition.

5. On April 5, 2004, a Special Master issued a recommended Paradigm Claim construction with respect to 13 remaining issues, ruling in PHC's favor on 11 of the 13. Subsequently, the Debtors and PHC participated in an oral Markman hearing with respect to the 13 issues before the District Court. On August 6, 2004, the Michigan District Court issued its decision (dated August 2, 2004) adopting the Special Master's recommended Paradigm Claim construction in favor of PHC. Taken together, the Special Master and the Michigan District Court ruled in PHC's favor on virtually all of the disputed Paradigm Claim terms.

6. On May 2, 2005, PHC formally assigned the Patents to Cadence.

7. On October 8 and 14, 2006, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. At the time of the Debtors' bankruptcy filing, the Action was ongoing. Because the parties had not been able to mediate their dispute, the Final Pretrial Order was scheduled to be submitted to the Michigan District Court on March 28, 2006.

8. Due to the imposition of Section 362 of the Bankruptcy Code, the separate liability phase and damages phase of the Action were stayed.

9. On November 22, 2006, Cadence submitted its Motion for Relief from the Automatic Stay to Proceed with the Action against the Debtors [Docket No. 5777].

10. On January 23, 2007, the Bankruptcy Court entered its Order [Docket No. 6699] Granting Cadence's Motion for Relief from the Automatic Stay. Following the entry of the

Court's Order Granting Cadence's Motion for Relief from the Automatic Stay, in accordance with that order, the parties attempted to mediate their dispute. After the parties' mediation proved unsuccessful, the parties have held continued discussions regarding a potential resolution of their dispute. In addition, as contemplated by the Estimation Motion, Cadence submitted a Counterproposal to the Debtors.

11. On February 26, 2007, the Bankruptcy Court entered an order [Docket No. 7046] approving a stipulation between Cadence and the Debtors whereby the parties agreed that Claim Nos. 10100 and 10111 (the "Cadence Claims") would remain against Delphi Corporation and Delphi Automotive Systems LLC; provided, however, that to the extent discovery in the Action established that one or more additional Debtors were liable to Cadence, Cadence would not be precluded from maintaining a claim against the liable Debtor or Debtors.

12. On September 7, 2007, the Debtors filed the Estimation Motion wherein they sought, for the third time to, *inter alia*, estimate or otherwise reduce the Cadence Claims and set a maximum cap in respect of their proposed plan of reorganization.

13. On September 19, 2007, Cadence filed its Objection to the Estimation Motion wherein it asserted that the procedures proposed therein (i) violated Cadence's due process rights (ii) impermissibly sought to vest the Bankruptcy Court with jurisdiction over Cadence's federally protected Patent Claims and (iii) failed to provide for the complex litigation and complex factual disputes involved in the Action.

14. On September 28, 2007, the Bankruptcy Court entered an Order [Docket No. 9685] wherein the Bankruptcy Court found that "good cause" exists to modify the procedures the Debtors requested in the Estimation Motion. The Order provided, in pertinent part, that: (i) the Debtors and Cadence shall negotiate in good faith appropriate estimation procedures; (ii) if the

parties are unable to agree on estimation procedures, either party, upon seven calendar days written notice, may request appropriate procedures on an expedited basis; (iii) Cadence shall seek mandatory withdrawal of the reference on or before October 8, 2007.[4]

### III.  BASIS FOR RELIEF

15.  Mandatory withdrawal of the reference under 28 U.S.C. § 157(d) is required where the "resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d); *see also McCrory Corp. v. 99 Cents Only Stores (In re McCrory Corp.)*, 160 B.R. 502, 506 (S.D.N.Y. 1993); *City of N.Y. v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir. 1991) (recognizing that the analysis of affirmative defenses and allowable damages would likely warrant mandatory withdrawal of the reference). By the plain language of the statute, therefore, when a proceeding involves a determination of bankruptcy law and another federal law, withdrawal of the reference is mandatory.

16.  Mandatory withdrawal of the reference is required here because the Action and the Debtors' request to estimate its liability in the Action involve an analysis of federal patent rights. In particular, in *Singer Co., B. V. v. Groz-Beckert KG (In re Singer Co., B.V.)*, No. 01-0165, 2002 WL 243779, at *3 (S.D.N.Y. Feb. 20, 2002), the Court recognized and concluded that

> Here, withdrawal is mandatory because resolution of the adversary proceeding requires substantial and material consideration of domestic patent law, a statutory creation. In their complaint, the Singer plaintiffs seek a declaration that they own an implied license in Groz's '330 patent. All of the complaint's related bankruptcy law issues that follow depend upon whether a court finds that the Singer plaintiffs

---

[4] In light of the stipulation between the parties that required Cadence to seek mandatory withdrawal of the reference on or before October 8, 2007, in the event the District Court concludes that mandatory withdrawal of the reference is not required, Cadence reserves the right to seek permissive withdrawal of the reference as authorized by Section 157(d) of the U.S. Code.

- 6 -

indeed have a property interest in the '330 patent . Thus, the patent law issues are central to the complaint.

*Id.*; *c.f. United States v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 63 B.R. 600, 602 (Bankr. S.D.N.Y. 1986) ("CERCLA is a statute 'rooted in the commerce clause' and is precisely 'the type of law Congress had in mind when it enacted the statutory withdrawal provisions.") (quoting *United States v. ILCO, Inc.*, 48 B.R. 1016, 1021 (N.D. Ala. 1985)); *accord S. Pac. Transp. Co. v. Voluntary Purchasing Groups, Inc.*, 252 B.R. 373, 382 (E.D. Tex. 2000).

17.  Withdrawal of the reference of the estimation procedures is required here because the Debtors are impermissibly seeking to limit Cadence's ability to recover damages on account of the Debtors' direct and willful infringement of its patents.

18.  Moreover, although Section 502(c) of the Bankruptcy Code provides debtors with the authority to seek an estimation of claims against them for limited purposes, the Estimation Motion fails to establish a basis for estimating Cadence's claims. In particular, while the Debtors contend on page 10 of the Estimation Motion that "[n]otwithstanding the Debtors' efforts, there are approximately 300 contingent or unliquidated proofs of claims that do not flow through the Debtors' chapter 11 cases under the Plan or have not otherwise been resolved pursuant to various court orders or settlement agreements (the "Unliquidated Claims")" this "cause" does not continue to exist. As the Debtors state in Debtors' Omnibus Reply in Support of Debtors' Motion for Order, Pursuant to 11 U.S.C. §§ 105(a) and 502(c), (A) Estimating and Setting Maximum Cap on Certain Contingent or Unliquidated Claims and (B) Approving Expedited Claims Estimation Procedures (the "Reply in Support of Estimation") [Docket No. 9622],

> Most of the claimants affected by the Motion have not objected to the Debtors' proposed estimate of their claims or the proposed Estimation Procedures. Indeed, only 16 of the approximately 68 Claimants served with the Motion, have filed timely objections (collectively, the "Objections"). Of these 16 Objections, nine

objected to only the estimated amount proposed by the Debtors (collectively, the "Estimation Objections") and not to the Estimation Procedures themselves. The seven remaining Objections objected to both the Estimation Procedures and the estimated amount proposed by the Debtors. Of these seven, six have been resolved as of the date of this Reply [in Support of Estimation].

Reply in Support of Estimation ¶ 2. The Debtors have since resolved and/or capped the claims of all but two creditors; Cadence and Technology Properties, Ltd. ("TPL").[5] Accordingly, the Debtors have not established that without estimation, Cadence's claims would unduly delay the Debtors' bankruptcy case. Thus, to the extent that the Debtors seek to estimate Cadence's federally protected patent rights in the Bankruptcy Court, this Court should withdraw the reference of the Debtors' request, under the mandatory abstention standards in Section 157(d) of the U.S. Code, to determine whether an estimation of Cadence's claims is permitted.

19. The Action relates exclusively to (i) the validity of the Patents and (ii) the Debtors' infringement of the Patents. Accordingly, because the estimation Motion and its related Contested Matter seek to estimate/cap the Debtors' liability to Cadence in the Action, withdrawal of the reference of the Estimation Motion, as to Cadence, and the related Contested Matter is required.

## IV.    CONCLUSION

Because the Estimation Motion impermissibly seeks to vest the Bankruptcy Court with the authority to estimate the federally protected patent rights that form the basis for the claims asserted by Cadence in the Action and its claims against the Debtors, Cadence respectfully requests that the District Court:

---

[5] The Debtors' strongly contest the merits of TPL's claim. Reply in Support of Estimation ¶ 2.

- 9 -

(i)     Withdraw the reference of the Estimation Motion to the extent the Debtors seek to estimate the value of Cadence's federal protected patent rights asserted in the Action;

(ii)    Withdraw the reference of the Contested Matter initiated to estimate the value of Cadence's federal protected patent rights asserted in the Action; and

(iii)   Grant Cadence such other and further relief as is just and proper.

Respectfully submitted this 8th day of October 2007.

>ALSTON & BIRD LLP
>
> /s/ Dennis J. Connolly
> Dennis J. Connolly (DC-9932)
> One Atlantic Center
> 1201 West Peachtree Street
> Atlanta, Georgia 30309-3424
> Telephone (404) 881-7000
> Facsimile (404) 881-7777
>
> *Counsel to Cadence Innovation LLC*